84,241-01

To: Court of Criminal Appeals
    Clerk
    P.O. Box 12308
    Capitol Station
    Austin, Texas 78711

Re: Ex Parte
    Jose Luis Maldonado
    From 434th District Court in Fort Bend County, Texas.
    Trial Court No. 12-DCR-061891 HCl
    WR-84,241-01

Clerk:
    Please find the "Applicants Objections to State's Response"
for the trial court No. mentioned above. ~~torit No. Has not been~~
~~recieved by applicant and may yet to be assigned.~~

    Please file this, assign the number to writ, and present
to the Court of Criminal Appeals.

    Thank You. Your assistance is greatly appreciated.

                                    Respectfully,

                                    Jose Luis Ramirez Maldonado
                                    TDCJ No.
                                    Dominguez State Jail
                                    6535 Cagnon Rd.
                                    San Antonio, Texas 78252

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 15 2015

Abel Acosta, Clerk

In The Court of Criminal
Appeals in Austin, Texas
Writ No. WR-84,241-01 _____ (To be Assigned)
Tr. Ct. No. 12-DCR-061891 HC1

Ex Parte
Jose Luis Maldonado,
  Applicant Pro-Se

§
§
§

From The 434th District Court
of
Fort Bend County, Texas

## Applicant's Objections
## To State's Response

To The Honorable Judge of Said Court:

Comes Now The Applicant, Jose Luis Maldonado, and respectfully files his "Objection to States Response". The Applicant will demonstrate the motives in Support of his relief.

## Objections To State's Findings of Fact

In Item No. 1, the applicant relies on his application as his objection since his Habeas Application has previously mentioned grounds for objecting this item.

Items Nos. 2 through 4 are based on admonishments of consequences in the applicants Plea and the applicant will demonstrate the trial court erred and abused its descretion by failing to rule Properly in its Admonishments of the applicant's Consequences in the following:

Vernon's Ann. C.C.P. Art. 26.13 (a)(4) Provides: (a) Prior to accepting

a Plea of Guilty or a Plea of Nolo Contendere, the Court shall admonish the Defendant: (4) The Fact that if the defendant is not a citizen of the United States of America, a Plea of Guilty or Nolo Contendere for the Offense charged may result in Deportation, the exclusion from admission to this Country, or the denial of naturalization under that chapter. Also:

1) Consequences of duration of actual time endured before deportation Proceedings occur; Duration of a Prisoner's confinement is a Proper Subject for Habeas Corpus. Ex Parte Weaver, (Crim. App. 1976) 537 S.W.2d 252;

2) Consequences in a deprivation of a Privilege to equal rights under Parole laws;

3) Consequences of Pleadings to a void indictment on a theory of Agg. Robbery, Cause No. 12-DCR-061891. The State has a legal Duty to Prove the Matter asserted under Art. 21.03 V.A.C.C.P. Evidence never was Presented in Open Court illustrating that the applicant committed aggravated Robbery. Furthermore, applicants indictment is Fundamentally Defective due to failure to allege that, when applicant acted with Co-defendants, the applicant did so "with intent". See Thompson v. State, (Cr. App. 1985) 697 S.W. 2d 413;

4) An accused is entitled to effective assistance of Counsel During the Plea bargaining Process. Ex Parte Battle, 817 S.W. 2d 81 (Tex. Crim. App. 1991)

Ex Parte Wilson, 724 S.W.2d 72 (Tx. Crim. App. 1987); Indictment by Grand Jury Protects citizens against arbitrary accusations by the Government. Vernon's Ann. Texas Const. Art. 1810. King v. State, 473 S.W.2d 43, 45 (Tex. Crim. App. 1971). Art. 21.01 V.A.C.C.P. "Void Indictment" Where indictment did not allege offense under the Laws of Texas. The indictment was void and the trial Court never had jurisdiction to entertain the accused's Plea under articles 21.11, and 21.03 V.A.C.C.P. Ex Parte County, (Cr. App. 1979) 577 S.W.2d 260. When Complaint or Indictment is void, Court of Criminal Appeals has Power to Arrest Judgement of Conviction. Ex Parte Leifeste, (Cr. App. 1934) 127 Tex. Crim. 445, 77 SW2d 675.

The applicant has raised the ground of ineffective assistance in his Application. He was under the impression of getting Probation and was never admonished of these foregoing consequences. The State has failed to Prove otherwise, therefore the applicant relies on the holdings of the Supreme Court in Padilla v. Kentucky 2010, 130 S.ct. 1473, 176 L.Ed2d 284 ... (filed Motion for Post Conviction Alleging that his attorney was ineffective in misleading him about Potential for deportation as consequences of Guilty Plea) In accord with this holding, applicant's Plea was involuntary.

Item No. 5 of the State's Finding of Fact is a Frivolous Item Since the State claims the applicant was admonished for the offense of "Injury to a Child". Actually the applicant was charged for agg. Robbery. The applicant contends that this is not the first time the State errs. Proceedings are too great in consequences for errors of this Magnitude. The applicant proclaims his relief should be granted since the state did fail to submitt a timely suplemental answer to the court's order issued in July 8, 2015. The state was afforded sixty days and did not comply with the District Court's Order; Forfeitting its answer. On November 13, 2015, the applicant filed his Pro-Se motion to arrest Judgement due to the state's failure to comply with the order. Therefore, the Defendant reasonably requests that the Texas Court of Criminal Appeals grants his relief sought; recognizing the State's frivolousness and failure to comply with the District Court's Order.

On Items Nos. 6 through 56, the State merely alleges that the trial court found the applicant's attorney credible after reviewing his affidavit and that the applicant has failed to prove that the outcome of this case would have been diffrent. The applicant reasonably dissents, however.

The applicant has discussed his grounds in his Application and memorandums supporting his application, and Points out in Item No. 42 of the State's findings of Fact, that the trial court was well aware of his Disorders and that he was taking Medication. Nevertheless, the trial court nor the applicant's attorney are qualified to decide whether the applicant was competent, in his state of mind, to stand trial or make confessions. Also, Item No. 43 claims that the applicant was competent "Based on the court's observation", and again on Item No. 39 the state claims that "Based upon the credible affidavit of mr. Fong". The Applicant notes that the trial court nor mr. Fong have the credentials to make oppinions on the applicant's competency.

The applicant has demonstrated that based on the State's Findings he is very well entitled to relief. And, since the State failed to comply with the District Court's "Order Dessignating Issues" Coupled with the Frivolous allegations in Item No.5 of its Findings of Fact, the State now should be Procedually barred and its allegations forfieted.

## Conclusion

Wherefore, Premises Considered, the applicant Prays this Honorable Court makes findings in his favor and Conclude that the State's Conclusions of Law hold no merit due to an incompliant response and frivolous allegations. Thereafter, transmit the order, thus developed, to the Texas Department of Criminal Justice - Institutional Division.

Granting the release of The Applicant. (Habeas Corpus Relief.)

Date: ___/___/___

Respectfully Submitted.

_____

Jose Luis Ramirez Maldonado
TDCJ No.
Dominguez Unit
6535 Cagnon Rd.
San Antonio, Texas 78252

## Unsworn Declaration:

"I, Jose Luis Ramirez Maldonado, Presently incarcerated in the Texas Department of Criminal Justice—Dominguez State Jail in San Antonio, Bexar County Texas—Declare under Penalty of Perjury that the foregoing is True and Correct"

Date 12/8/15

Respectfully Submitted,

_____

Jose Luis Ramirez Maldonado
TDCJ No.
Dominguez Unit
6535 Cagnon Rd.
San Antonio, Texas 78252

PS 6.